CAROLINE A. ESTABROOK, EXECUTRIX, APPELLEE,
v. SAMUEL G. STEVENSON ET AL., APPELLANTS.

FILED FEBRUARY 18, 1896.   No. 6139.

Landlord and Tenant: TERMINATION OF LEASE ON PAYMENT FOR
IMPROVEMENTS: ARBITRATION.   In a lease for the term of
ten years it was provided that the lessor might terminate
the lease at the end of five years by giving sixty days'
notice and paying the lessee the value of such improve-
ments as, meantime, such lessee should have placed upon
the premises.   Before the lessor had the right to give the
required notice the lessee assigned his interest in the
lease to another party, who in turn made still another as-
signment of such interest.   *Held*, That, upon giving notice
as required, the lessor was not bound to pay to the lessee
the value of the aforesaid improvements as an indispen-
sable condition precedent to his right to terminate the
lease, but that, having tendered in a court of equity pay-
ment for the improvements to whomsoever should be
found entitled thereto in such amount as upon an ac-
counting should be found due, the court had jurisdiction
to declare the lease to have been terminated at the end of
five years of its existence and grant full relief between
the parties litigant.

APPEAL from the district court of Douglas
county.   Heard below before DOANE, J.

The facts are stated by the commissioner.

*Arthur C. Wakeley,* for appellants:

Payment of the sum awarded was a condition precedent to the termination of the lease. (*People's Bank v. Mitchell,* 73 N. Y., 406; *Clemens v. Murphy,* 40 Mo., 122; *Friar v. Grey,* 5 Exch. [Eng.], 584; *Cadby v. Martinez,* 11 Ad. & E. [Eng.], 720; *Pomroy v. Gold,* 43 Mass., 500; *McFadden v. McCann,* 25 Ia., 252; *Goodwin v. Lynn,* 4 Wash. C. C. [U. S.], 714; *Wells v. Smith,* 2 Edw. Ch. [N. Y.], 78; *Porter v. Shephard,* 6 T. R. [Eng.], 665; *Kerr v. Purdy,* 51 N. Y., 629; *Jones v. Barkley,* 2 Doug. [Eng.], 690; *Parmalee v. Oswego & S. R. Co.,* 6 N. Y., 79; *Commonwealth v. Pejepscut Proprietors,* 7 Mass., 399; *Dwiggins v. Shaw,* 6 Ired. Law [N. Car.], 46; *Mccum v. Peoria & O. R. Co.,* 21 Ill., 534.)

Impossibility of performance will not relieve from the consequence of a condition precedent unperformed. (3 Am. & Eng. Ency. of Law, 901; *School Trustees v. Bennett,* 27 N. J. Law, 513; *Jones v. United States,* 96 U. S., 29; *The Harriman,* 76 U. S., 172; *Dermott v. Jones,* 2 Wall. [U. S.], 1; *Booth v. Spuyten Duyvil Rolling Mill Co.,* 60 N. Y., 487; *Youqua v. Nixon,* 1 Pet. [U. S. C. C.], 221; *Mill Dam Foundry v. Hovey,* 38 Mass., 441; *Ford v. Cotesworth,* 4 L. R., Q. B. [Eng.], 134; *Bunn v. Prather,* 21 Ill., 217; *Williams v. Vanderbilt,* 28 N. Y., 222; *White v. Mann,* 26 Me., 368.)

The award was valid, and upon Estabrook's refusal to pay, his right to terminate the lease was at an end. (*Pearson v. Sanderson,* 128 Ill., 88; *Norton v. Gale,* 95 Ill., 533; *Straw v. Truesdale,* 59 N. H., 111; *Garr v. Gomez,* 9 Wend. [N. Y.], 661; *Garred v. Macey,* 10 Mo., 161; *Curry v. Lackey,* 35 Mo., 389; *Leeds v. Burrows,* 12 East [Eng.], 1; *Elmendorf v. Harris,* 5 Wend. [N. Y.], 516.)

*Estabrook & Davis, contra:*

The award was invalid; and upon the arbitrators' refusal to further act, Estabrook's only recourse was to the courts. (*State v. Jackson*, 36 O. St., 283; *Smith v. Boston C. & M. R. Co.*, 36 N. H., 458; *Peters v. Newkirk*, 6 Cow. [N. Y.], 103; *Falconer v. Montgomery*, 4 Dall. [Pa.], 232; *Passmore v. Pettit*, 4 Dall. [Pa.], 271; *Chambers v. Crook*, 94 Am. Dec. [Ala.], 638; *Emery v. Owings*, 48 Am. Dec. [Md.], 580; *Curtis v. City of Sacramento*, 64 Cal., 102; *Elmendorf v. Harris*, 23 Wend. [N. Y.], 628; *Caldwell v. Dickinson*, 13 Gray [Mass.], 365.)

Reference was also made to the following cases: *Reformed Protestant Dutch Church v. Parkhurst*, 4 Bosw. [N. Y.], 491; *Copper v. Wells*, 1 N. J. Eq., 10; *Berry v. Van Winkle*, 2 N. J. Eq., 269; *Conner v. Jones*, 28 Cal., 59; *Frey v. Campbell*, 3 S. W. Rep. [Ky.], 368; *Montgomery v. Chadwick*, 7 Ia., 114.

RYAN, C.

On May 1, 1884, Experience Estabrook entered into a written contract with Samuel G. Stevenson, by the terms of which Mr. Estabrook leased to Mr. Stevenson the south forty-four feet of lot 1, in block 43, in the city of Omaha, for the term of ten years. Immediately following the description of the term "ten years" there was this language: "Provided that said Estabrook shall have the privilege of terminating said lease at the end of five (5) years by giving sixty (60) days' notice in writing to said Stevenson of his intention so to do, and by paying said Stevenson the value of his improvements, to be determined by arbitrators, one to be chosen by each of the parties hereto, and they to choose a third in the event of disagree-

ment." On January 30, 1889, Mr. Estabrook caused to be served upon Samuel G. Stevenson the following notice:

"*To Samuel G. Stevenson Omaha, Neb.*—SIR: In pursuance of the terms of your lease made the 1st day of May, 1884, I hereby notify you of my election to declare said lease at an end on the 1st day of May, A. D. 1889, and that I will pay you at that time the value of your improvements, such value to be determined by arbitration as provided in said lease. I hereby nominate as the arbitrator to act in my behalf Mr. James H. Baldwin, of Omaha, who will be ready to meet and arrange with such arbitrator as you may select at such time and place as you may indicate, and who will be present on the ground on said 1st day of May, 1889. You are further notified that the ground covered by said lease, and to which this notice applies, is south forty-four (44) feet of lot one (1), block forty-three (43), in said city of Omaha, Douglas county, Nebraska.

"Dated at Omaha, Neb., January 30, 1889.

"E. ESTABROOK."

Before May 1, 1889, Samuel G . Stevenson selected an arbitrator, one John H. Harte, who, with James H. Baldwin, above named by Mr. Estabrook, on the date therein indicated drew up and signed the following document:

"MAY 1, 1889.

"*Messrs. E. Estabrook and S. G. Stevenson, City:* We, James H. Baldwin and John H. Harte, have examined buildings Nos. 414 and 416 North 16th street, city of Omaha, and appraise them at thirty-one hundred and 00-100 dollars ($3,100.00).

"JAMES H. BALDWIN.

"JAMES H. HARTE."

Mr. Baldwin on the day following met Mr. Esta-
brook, who had meantime heard of the amount
agreed upon, and, by the manifested dissatisfac-
tion with the amount fixed, was prevented from
giving him a copy of the above award. On the
26th day of September, 1885, Samuel G. and his
wife, Mary E. Stevenson, signed, acknowledged,
and delivered to Louis Bradford a written assign-
ment of the above mentioned lease. This assign-
ment was filed for record in the office of the
county clerk of Douglas county October 1, 1885,
and was recorded in book 61 of deeds. On July 8,
1886, Louis Bradford, by an indorsement upon the
written assignment to himself, transferred and
assigned to Mary E. Stevenson, and at the same
time executed to her an unacknowledged quit-
claim conveyance of his interest in the parcel of
land described in the lease. Neither of these was
recorded, and it was shown by the testimony of
Samuel G. Stevenson that he never informed Mr.
Estabrook that such transfers had been made. At
the time the award was made in favor of Samuel
G. Stevenson he had, therefore, no beneficial inter-
est whatever in the lease to which, originally, he
had been a party. If Mr. Estabrook had paid to
Mr. Stevenson the amount of the award made in
his favor, of $3,100, he could have protected him-
self against being compelled to pay Mrs. Steven-
son only by proving that in some way she was rep-
resented by her husband in receiving the payment
which he did receive, or by showing that he was
entitled to credit against her by reason of the
want of notice of her interest as assignee of the
lease. This Mr. Stevenson, after he had parted
with all his rights in the lease, was certainly not
in a position to insist upon. On the 9th day of

May, 1889, Experience Estabrook filed in the office of the clerk of the district court of Douglas county his petition, wherein Samuel G. Stevenson and Mary Stevenson were named as defendants. In this petition he copied the aforesaid lease and the notice to terminate the same, and having set out the award and alleged its invalidity for want of precedent notice, he alleged that Samuel G. Stevenson was not the owner of this lease and that he had been unable to discover who was its owner. In this connection the plaintiff alleged that he had always been willing to pay for the improvements the actual value thereof to whomsoever was entitled to receive such payment, and offered to give such bond as the court should require for the payment of any amount found due upon an investigation had between himself and such party as was the holder of the lease in question.

It is insisted by appellants that by the terms of the lease not only was there sixty days' notice required, but there should have been payment of the award of $3,100 to Samuel G. Stevenson to terminate the lease according to its terms. It is true that the condition precedent seems to have been nominated in the lease, but the manifest injustice of requiring payment to be made to one who, by his own assignment, had constituted himself a stranger to the lease, requires no argument to demonstrate. Samuel G. Stevenson has no right to complain of non-payment to himself under these circumstances, and it requires no Portia's specially borrowed learning to point out that the technical construction which requires payment to Samuel G. Stevenson forbids that this condition for a forfeiture should be extended to any one else. The lease itself, while it provided that pay-

Estabrook v. Stevenson.

ment for the improvements should be made to S. G. Stevenson, recited that its covenants and agreements should be succeeded to, and be binding upon, the respective heirs, executor, administrators, and assigns of the parties thereto. There was, therefore, open to Mr. Estabrook but one safe course, and that was to implead as defendants in a court of equity such parties as he knew claimed an interest in the lease, and having tendered the performance of his part of the contract in favor of whomsoever was thereto entitled, pray that the lease should be adjudged to have been terminated by his performance of all that it was possible to him to perform. The jurisdiction of a court of equity having been invoked, such a court properly proceeded to the enforcement of complete justice between all parties concerned with respect to the subject-matter involved upon issues duly joined and presented for determination. As was to be expected in making an accounting, on the one hand as to the value of improvements, and on the other as to the liabilities for rents of the premises involved in this litigation, the witnesses differed greatly, but they came as near agreeing in their estimates as witnesses ordinarily do under like circumstances. The court very properly treated the lease as having been terminated on May 1, 1889, and, upon conflicting evidence, made an accounting of the liabilities of each of the litigants which seems to us to have been fully warranted by the evidence, which we need not review. The judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.